# EXHIBIT A

## SUMMONS

Attorney(s) Evelyn D. Latse, Esq.
Office Address 26 Park St., No. 2032
Town, State, Zip Code Montclair, NJ 07042

Telephone Number (973) 509-4624
Attorney(s) for Plaintiff Margaret Adu et al.

## Superior Court of New Jersey

UNION COUNTY
Law DIVISION
Docket No: UNN-L-1578-13

Plaintiff(s)

Vs.

A.T.I. U.S.A., INC.; CMA CGM VIRGINIA, Delmas, a Div of CMA CGM SA, and John Does 1 through 10.
Defendant(s)

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Clerk of the Superior Court

DATED: _____

Name of Defendant to Be Served: CMA CGM
Address of Defendant to Be Served: 5701 lake wright Drive, Norfolk VA

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Court Facility,
49 Rancocas Road
Mount Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
First Floor, Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 North Main Street, Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street, Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Civil Records Dept.
Brennan Courthouse, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 263-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building, 3rd Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Monmouth County Courthouse
71 Monument Park, P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Passaic County Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street, P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
Court House, First Floor
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Warren County Courthouse
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 387-1835
LEGAL SERVICES
(908) 475-2010

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A
Rev. 11/17/06  P3/07

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800.222.0510  Page 2

Evelyn D. Latse, Esq.
Law Offices of Evelyn D. Latse, LLC
26 Park Street, Ste. 2032
Montclair, NJ 07042
Tel: (973) 509-4624
Fax: (800) 807-2701
Attorney for Plaintiffs

**RECEIVED**
Superior Court of New Jersey
APR 2 4 2013
CIVIL CASE MANAGEMENT
UNION COUNTY

RECEIVED/FILED
Superior Court of New Jersey
APR 2 4 2013
CIVIL CASE MANAGEMENT
UNION COUNTY

| | |
|---|---|
| MARGARET ADU, LES GRANDE AFFAIRES, VERSAILLES CATERING INC.<br><br>Plaintiffs,<br><br>Vs.<br><br>A.T.I. U.S.A, INC.; CMA CGM VIRGINIA, Delmas, a Division of CMA CGM SA, and John Does 1 through 10.<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>UNION COUNTY LAW DIVISION<br><br>DOCKET NO. UNN-L- 1578 13<br><br>Civil Action<br><br>COMPLAINT |

## BACKGROUND

1. Defendant, A.T.I. USA Inc. is a business incorporated under the laws of the State of New Jersey, with principal office at 1201 Corbin Street, Elizabeth, New Jersey 07201. ATI is an international freight forwarder.

2. Defendant CMA CGM is an international shipping agency for container transport with an address at 5701 Lake Wright Drive, Norfolk, VA 23502.

3. Plaintiff Margaret Adu is the owner/operator of Versailles Catering Inc. and Les Grande Affaires, an international catering company, and events management company, respectively, with an address at 21 Ehret Drive, Monsey, 10952, (collectively referred to as Plaintiffs).

4. On or about August 9, 2012, Plaintiffs contracted with Defendant ATI to forward freight to Accra, Ghana. (See Exhibit 1 – Invoice from A.T.I. USA, INC.)

5. The items to be shipped to Ghana included goods to be used in a wedding celebration and inventory for the Plaintiffs' events management business. (See Exhibit 2, A.T.I. Invoice)

1

6. The contract price for the shipment was $4,910.60. The goods were scheduled to arrive at the destination on October 15, 2011, (See Exhibit 3).

7. Initially, Plaintiffs contracted with ATI to ship items in a twenty (20) foot container.

8. Defendant subsequently informed Plaintiffs that Plaintiffs' goods would not fit in a twenty foot container and would have to use a forty (40) foot container.

9. Plaintiffs agreed to rent the forty (40) foot container.

10. As a result of Defendants' delay in shipping the goods, the container arrived at the destination two weeks late.

11. When the container arrived in Ghana, Plaintiffs found out that the container was less than half full.

12. Thirty two (32) boxes belonging to Plaintiffs were not in the container.

13. On the other hand, the container contained five boxes of assorted commercial goods including new and used computers that did not belong to Plaintiffs.

14. As a result of ATI's actions, Plaintiffs suffered damages to their business in that the goods did not arrive in Ghana on time, and she was unable to deliver on her contract. (See Exhibit 4, Contract between Les Grande Affaires and Plaintiffs).

15. Moreover, Plaintiffs were required to pay demurrage and customs duties on goods that did not belong to Plaintiffs.

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT I – BREACH OF CONTRACT

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. On or about August 9, 2011, Plaintiffs got a quote from Defendant for shipment of from New York, to Tema, Ghana.

2

3. Defendants breached the contract between Plaintiffs and Defendant by not abiding by the terms of the contract which stated Defendant was to ship the goods on or about October 6, 2011.

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT II – MISREPRESENTATION/COMMON LAW FRAUD

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. Defendants knowingly and/or negligently made material misrepresentations of facts and/or omission of material fact to Plaintiffs in connection with the legal presentation of Plaintiffs.

3. Defendants were under a duty to disclose material facts and to act in good faith in dealings with Plaintiffs.

4. Defendant breached the duty owed to Plaintiffs and Plaintiffs suffered damages proximately related to the breach.

5. Specifically, Defendants demanded additional funds from Plaintiffs after the contract negotiations had concluded.

6. Defendants' misrepresentations and/or omission of material facts were knowingly and intentionally made.

7. Defendants' misrepresentations and/or omission of material facts were made recklessly and/or wantonly made.

8. Defendants' misrepresentations and/or omissions of material facts were made to induce Plaintiffs to enter into a shipping contract and to induce Plaintiffs to expend time and efforts in using the shipping service of the Defendant.

9. Specifically, Defendant's misrepresentations and/or omission of material facts which were made under intense interviewing and questioning by Plaintiffs induced Plaintiffs to enter into the shipping contract with Defendants.

10. Defendants demanded additional funds as extra freight charges form Plaintiffs to ship the goods.

3

11. In spite of evidence to the contrary, Defendants induced Plaintiffs to pay for a larger container.

12. The material misrepresentations and/or omissions of facts made by Plaintiffs to Defendants and others were made with the intent that Defendants will rely on them. Defendants did rely on the misrepresentation

WHEREFORE, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT III – NEGLIGENT HIRING AND SUPERVISION

1. Plaintiffs repeats the allegations stated above as if set forth at length herein.

2. Defendants neglected their duty to supervise their staff.

3. Due to negligence, Plaintiffs were charged an extra and unnecessary freight charge in spite of evidence to the contrary.

4. Plaintiffs suffered damages due to Defendants' negligent hiring and supervision of its employees who made Plaintiffs to incur the additional and unnecessary costs.

WHEREFORE, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT IV – BREACH OF FIDUCIARY DUTY

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. Defendants were under a duty to ensure that Plaintiff's goods arrived in Ghana on time, without delay and without the incurring of additional charges.

3. Specifically, even after Plaintiffs made payment for the larger forty foot container, Defendants still failed to ensure that Plaintiff's goods arrived on time.

4

4. Moreover, Plaintiffs was charged additional funds for the transportation of goods that did not belong to her.

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT IV – BREACH OF FIDUCIARY DUTY

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. Defendants were under a duty to ensure that Plaintiff's goods arrived in Ghana on time, without delay and without the incurring of additional charges.

3. Specifically, even after Plaintiffs made payment for the larger forty foot container, Defendants still failed to ensure that Plaintiff's goods arrived on time.

4. Moreover, Plaintiffs was charged additional funds for the transportation of goods that did not belong to her.

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT V – UNCONSCIONABILITY

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. Defendants were under a duty to ensure that Plaintiff's goods arrived in Ghana on time, without delay and without the incurring of additional charges.

3. Specifically, even after Plaintiffs made payment for the larger forty foot container, Defendants still failed to ensure that Plaintiff's goods arrived on time.

4. Moreover, Plaintiffs was charged additional funds for the transportation of goods that did not belong to her.

5

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT VI – UNJUST ENRICHMENT

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. Defendants were under a duty to ensure that Plaintiff's goods arrived in Ghana on time, without delay and without the incurring of additional charges.

3. Specifically, even after Plaintiffs made payment for the larger forty foot container, Defendants still failed to ensure that Plaintiff's goods arrived on time.

4. Moreover, Plaintiffs was charged additional funds for the transportation of goods that did not belong to her, and also had to pay import duty for same.

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT VII – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. Defendants were under a duty to ensure that Plaintiff's goods arrived in Ghana on time, without delay and without the incurring of additional charges.

3. Specifically, even after Plaintiffs made payment for the larger forty foot container, Defendants still failed to ensure that Plaintiff's goods arrived on time.

4. Moreover, Plaintiffs was charged additional funds for the transportation of goods that did not belong to her.

6

WHEREFORE, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT VIII – RECKLESS AND/OR INTENTIONAL MISPREPRESENTATION

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. Defendants misrepresentations and/or omissions of material facts were knowingly and intentionally made.

3. Specifically, even after Plaintiffs made payment for the larger forty foot container, Defendants still failed to ensure that Plaintiff's goods arrived on time.

4. Moreover, Plaintiffs was charged additional funds for the transportation of goods that did not belong to her.

WHEREFORE, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

## COUNT IX – VIOLATION OF N.J. CONSUMER FRAUD ACT

1. Plaintiffs repeat the allegations stated above as if set forth at length herein.

2. Defendants breached this covenant by asking Plaintiffs to use a larger container, when they were fully aware that their demand was fraudulent and there was evidence to the contrary

3. Defendants are in violation of Section 56:8-2.2. (Scheme to not sell item or service advertised).

7

4. Specifically, even after Plaintiffs made payment for the larger forty foot container, Defendants still failed to ensure that Plaintiffs' goods arrived on time.

5. Moreover, Plaintiffs was charged additional funds for the transportation of goods that did not belong to her.

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

(a) compensatory damages in an amount to be determined at trial;

(b) interest and costs of suit;

(c) such other relief that this Court may deem just.

I certify that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

Dated: 04/11/2013

Evelyn D. Latse, Esq.
Attorney for Plaintiffs

8

## Certification of Verification and Non-collusion of Margaret Adu

I, Margaret Adu, being of full age, certify as follows:

1. I am the Plaintiff in the Complaint against Defendant A.T.I. U.S.A., Inc..

2. The counts of the Complaint against the Defendants are true to the best of my knowledge, information and belief and said Complaint is made in truth and good faith and without collusion for the causes set forth therein.

3. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 7/11/2013

MARGARET ADU
Margaret Adu
Plaintiff

1

# A.T.I. U.S.A., INC.
INTERNATIONAL FREIGHT FORWARDERS
FMC No. 3772
1201 Corbin Street Elizabeth, NJ 07201
Tel: (908) 351-3661   Fax: (908) 351-3441

TO:
MARGARET ADU
21 EHRET DR
MONSEY
NY, 10952

DATE: 08/09/2011

MARKS AND NUMBERS
1X 40 H/C
A LOT OF PERSONAL EFFECTS

| BOOKING No. | OUR REF. No. | YOUR REF. No. | INVOICE No. |
|---|---|---|---|
| DATD164749 | 11/CTR-01699 | | 11/CTR-01699 |
| CARRIER | SAILED/ARRIVED | PORT | B/L No. |
| CMA CGM TARPON PG658WDEL | 10/15/2011 | NYC/TEM | |

EXCEPT FOR CUSTOMS ENTRIES AND DUTIES, WE ARE INDEPENDENT CONTRACTORS. THE SUBMISSION OF INCOMPLETE OR INACCURATE INFORMATION RELATED TO AN IMPORT ENTRY (INCLUDING DESCRIPTIONS, QUANTITIES, WEIGHTS, PURCHASE PRICES, DISCOUNTS, COMISSIONS, CHANGED SELLING PRICES AT THE TIME OF EXPORTATION, ASSISTS, COUNTRY OF ORIGIN, ETC.) MAKES YOU LIABLE TO SEVERE GOVERNMENTAL PENALTIES AND SANCTIONS. IN THE EVENT THE INFORMATION FORWARDED TO US, OR WHICH ACCOMPANIED SHIPMENT, DOES NOT ACCURATELY REFLECT THE ENTIRE TRANSACTION. IT IS ESSENTIAL THAT YOU IMMEDIATELY NOTIFY US SO THAT WE CAN TAKE CORECTIVE ACTION.

**IMPORTER MUST FURNISH MISSING DOCUMENTS WITHIN THE PERIOD OF TIME AS REQUIRED BY CUSTOMS REGULATIONS TO AVOID CUSTOMS PENALTIES.**

| DESCRIPTION | | | AMOUNT |
|---|---|---|---|
| Freight charges - ocean / air | | | $3800.00 |
| | | TOTAL | $3800.00 |

| TYPE | NUM | DATE | AMOUNT |
|---|---|---|---|
| Check | 6164 | 10/06/2011 | $1000 |
| Check | 2457316 | 10/04/2011 | $2300 |
| Check | 995 | 08/09/2011 | $500 |
| PAYMENTS / CREDITS | | | $ 3800 |
| BALANCE DUE | | | $ 0 |

*Thank you for using our services*
PAYABLE UPON PRESENTATION

**IMPORTANT: SEE TERMS AND CONDITONS OF SERVICE ON REVERSE SIDE.**
If you are the importer of record, payment to the broker will not relieve you of liability for Customs charges (duties, taxes or other debts owed Customs) in the event the charges are not paid by the broker. Therefore, if you pay by check, Customs charges may be paid with a separate check payable to "U.S. Customs Service" which shall be delivered to Customs by the broker.

## SET UP AS AGREED UPON BY THE CLIENT AND LES GRANDE AFFAIRES

The entire premises will be set and decorated by les Grande Affaires. Forty five tables of eight will be set and decorated with centerpieces as described below, silverware, white wine, red wine, water and champagne glasses.

**THE VASES WILL INCLUDE THREE** *Graduating* **~~GLADIATING~~ VASES FILLED WITH STEMS OF FLOWERS AND CRYSTAL ORNAMENTS HANGING ON EACH VASE. THE VASES ARE TO BE FILLED WITH PEACH WATER AND FLOATING CANDLES.**

**LINEN:** The linen colors are ivory and peach with a touch of gold.

Twenty waitstaff and four bartenders will be provided by Les Grande Affaires.

Extra stations to be set by Les Grande Affaires for a fee:

Chocolate fountain

Margarita/ Pina Colada

Assorted Sweets

Viennesse Table to include assorted cakes and desserts.

A five Tier Wedding Cake – The first two tiers will be fruit cakes and the other three tiers will be red velvet cakes. The entire wedding cake will be decorated with ivory fondant icing with peach roses.

Les Grande Affairs will provide all chafing dishes as well all other dishes that will be needed for this event.

2

The wedding ceremony will take place on the island next to the resort.

The reception will be held at the peace holiday resort. The arrival of the bride and father will be preceeded by jazz music instead of the bridal march.

Island and car park will be ready for the event by the 26th, of December.

Clients will provide event planners of the VIPS that need to be seated in the reserved area.

Bride and Father will arrive in a steam boat. Bride and bridegroom will leave the island on a steamboat but will arrive at the reception in a private car to be provided by the groom.

Les Grande Affaire will provide the following. Each Vendor involved will be paid by the clients.

Lights and Sounds

Music/DJ

Photographer

Videographer

Caterer

Baker

Florist

<u>All rentals:</u>

Canopies

Tables

Chairs.

Security by Third Eye Force.

4

**Lights and Sounds by Richie**

Music/DJ - Danny boy

Photoghrapher - Abe

Videography - Mrs. Kwashigah

Caterer - Barbara, Capitol Enterprises Limited

Rentals - Brandy

Julius - All beverage as well as chilling of the drinks.

All vendors will be on premises on Monday January 1st, 2011. Each vendor will be responsible for their own accomodation.

The caterer will be provided with accommodation but will be responsible for server's accommodation. They will be provided with a kitchen and refrigerators.

Richard will provide a silent generator and a truck for this event.

**Payments:**

400 guests     -     $25,000.00.

This includes decorations including the entire table set up, coordinating the entire event and provision of the waitstaff. All others are extra and will therefore have to be paid for by the clients.

**A payment of $10,000 was made to Les Grande Affaires on Sept. 24th, 2011. The remaining balance is due not later than December 25th, 2011.**

Signature of Les Grande Affaires          Signature of Clients

Other payments
_____
9/30
Food items bought from Costco - $325.00
10/9/11 - $2000 for the cake - paid by Adjoa - was put into my account.

6

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 623 PROPECIA

**Mass Tort (Track IV)**
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

Appendix XII-B1



| CIVIL CASE INFORMATION STATEMENT (CIS) Use for Initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1. Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY PAYMENT TYPE: ☐CK ☐CG ☐CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |

**ATTORNEY / PRO SE NAME:** EVELYN D. LATSE, ESQ.
**TELEPHONE NUMBER:** (973) 509-4624
**COUNTY OF VENUE:** UNION

**FIRM NAME (If applicable):** LAW OFFICES OF EVELYN D. LATSE, LLC
**DOCKET NUMBER (when available):** UNN-L-1578-13

**OFFICE ADDRESS:** 26 PARK STREET, STE. 2032, MONTCLAIR, NJ 07042
**DOCUMENT TYPE:** COMPLAINT
**JURY DEMAND:** ☐ Yes ☐ No

**NAME OF PARTY (e.g. John Doe, Plaintiff):** MARGARET ADU, LES GRANDE AFFAIRES, VERSAILLES CATERING INC., PLAINTIFFS

**CAPTION:** MARGARET ADU, LES GRANDE AFFAIRES, VERSAILLES CATERING INC. vs. AT&T USA INC, CMA CGM, VIRGINIA Delmas, Division of CMA CGM SA, and John Does 1 through 10

**CASE TYPE NUMBER:** 599
**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ☐ YES ☒ NO
**IF YES, LIST DOCKET NUMBERS**

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** ☐ YES ☒ NO
**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known):** ☐ NONE ☒ UNKNOWN

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☒ YES ☐ NO
**IF YES, IS THAT RELATIONSHIP:** ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☒ BUSINESS ☐ OTHER (explain)

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☐ YES ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

RECEIVED/FILED
Superior Court of New Jersey
APR 24 2013
CIVIL CASE MANAGEMENT
UNION COUNTY

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☒ NO
**IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION**

**WILL AN INTERPRETER BE NEEDED?** ☐ YES ☒ NO
**IF YES, FOR WHAT LANGUAGE?**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

**ATTORNEY SIGNATURE:** *Evelyn D. Latse*

Effective 05-07-2012, CN 10517-English

page 1 of 2